IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50142
Summary Calendar
_____


OSCAR MARTINEZ, as next friend for Melissa Martinez,
a minor; BLASA MARTINEZ, as next friend for Melissa
Martinez, a minor,

                                        Plaintiffs-Appellants,

versus

CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT; ET AL,

                                        Defendants,

CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT,
RODOLFO ESPINOSA, JANIE RAMIREZ,
JOSE GILBERTO RAMIREZ,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-97-CV-83-1
--------------------
February 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

    Plaintiffs Oscar and Blasa Martinez, as next friends for

their minor daughter Melissa (hereinafter "plaintiffs"), appeal

from the district court's dismissal of certain official capacity

claims and its grant of summary judgment to defendants Espinosa

and Crystal City Independent School District ("CCISD") in this 42

_____

    * Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

U.S.C. § 1983 suit arising from an improper relationship between Melissa and Jose Gilberto Ramirez, her teacher. After a de novo review of the record, we affirm.

The plaintiffs first argue that the district court erred by dismissing sua sponte the official capacity claims against Jose Gilberto Ramirez as redundant of claims against the school district. The plaintiffs did not mention in their notice of appeal the district court's adoption of the magistrate judge's recommendation to dismiss these claims, nor did they argue this issue in their motion for reconsideration. Even though notices of appeal are to be liberally construed, appellate jurisdiction appears lacking over this issue. See Fed. R. App. P. 3(c); Capital Parks, Inc. v. Southeastern Adver. and Sales Sys., Inc., 30 F.3d 627, 630 (5th Cir. 1994); Lockett v. Anderson, 230 F.3d 695, 700 (5th Cir. 2000). Further, because the plaintiffs did not object to the magistrate judge's recommendation, our review would be limited to plain error, and we do not find such error here. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc); Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Plaintiffs next argue that the district court erred in dismissing the official capacity claims against Janie Ramirez. Because plaintiffs raised this claim in their motion for reconsideration and noticed that decision in their notice of appeal, we liberally construe the notice of appeal to find appellate jurisdiction. Nevertheless, we find no plain error in the district court's adoption of the magistrate judge's

recommendation to dismiss these claims. <u>Douglass</u>, 79 F.3d at 1430; <u>Graham</u>, 473 U.S. at 165.

Plaintiffs next argue that the district court erred in granting summary judgment to Espinosa based on qualified immunity because his conduct was deliberately indifferent. We find that Espinosa's conduct, although possibly ineffective, did not rise to the level of deliberate indifference toward Melissa's constitutional rights. <u>See</u> <u>Doe v. Taylor Indep. Sch. Dist.</u>, 15 F.3d 443, 457-58 (5th Cir. 1994)(en banc).

Finally, plaintiffs argue that the district court erred in granting summary judgment to CCISD because of a widespread practice of permitting male teachers to engage in inappropriate conduct with female students. Under Texas law, the school district board of trustees is responsible for making district policy. <u>See</u> <u>Gonzalez v. Ysleta Indep. Sch. Dist.</u>, 996 F.2d 745, 752 (5th Cir. 1993). After a careful review of the summary judgment evidence, we find that plaintiffs have failed to show a widespread pattern of improper conduct that was known or tolerated by the public officials responsible for policymaking in the school district. <u>See</u> <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 768 (5th Cir. 1984)(en banc); <u>Webster v. City of Houston</u>, 735 F.2d 838, 841 (5th Cir. 1984).

Plaintiffs have failed to brief their state law claims against CCISD or Espinosa. Accordingly, those claims are deemed abandoned. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.